FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

AUG 0 9 2016

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) CRIMINAL NO. 16-3301 MCA |
| vs. | ) Count 1: 21 U.S.C. § 846: Conspiracy; |
| **GUAJIRA MAYA LOVATO** and **DESIREE OTERO**, | ) Count 2: 21 U.S.C. §§ 841(a)(1) and (b)(1)(C): Distribution of Heroin; 18 U.S.C § 2: Aiding and Abetting. |
| Defendants. | ) |

INDICTMENT

The Grand Jury charges:

Count 1

Beginning on a date unknown, but not later than on or about July 20, 2016, and continuing through on or about August 9, 2016, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendants, **GUAJIRA MAYA LOVATO** and **DESIREE OTERO**, unlawfully, knowingly and intentionally combined, conspired, confederated, agreed, and acted interdependently with each other and with other persons whose names are known and unknown to the Grand Jury to commit an offense defined in 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), specifically, distribution of a mixture and substance containing a detectable amount of heroin.

In violation of 21 U.S.C. § 846.

Count 2

On or about July 20, 2016, in Bernalillo County, in the District of New Mexico, the defendants, **GUAJIRA MAYA LOVATO** and **DESIREE OTERO**, unlawfully, knowingly and

intentionally distributed a controlled substance, a mixture and substance containing a detectable amount of heroin.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2.

## FORFEITURE ALLEGATION

The charges in count one of this indictment are re-alleged and incorporated by reference for the purpose of alleging forfeiture to the United States pursuant to 21 U.S.C. § 853.

Upon conviction of any offense in violation of 21 U.S.C. § 841, the defendants, **GUAJIRA MAYA LOVATO** and **DESIREE OTERO**, shall forfeit to the United States pursuant to 21 U.S.C. § 853 any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of each offense for which the defendants are convicted, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense of conviction.

The property to be forfeited to the United States includes, but is not limited to, the following:

## MONEY JUDGMENT

A sum of money of approximately $1,500.00 in U.S. currency.

## SUBSTITUTE ASSETS

If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

2

e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), 18 U.S.C. § 982(b), and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described above.

A TRUE BILL:

/s/
FOREPERSON OF THE GRAND JURY

*[signature]*
Assistant United States Attorney
*[initials]* 08/08/16 12:31PM

3